UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>JILL KLINGE, et al.,<br><br>    Defendants. | No. 2:21-cv-01128 TLN DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his Fourteenth Amendment right to due process by presenting false evidence and testimony at plaintiff's trial and failing to correct it. Before the court is plaintiff's request to proceed in forma pauperis (ECF No. 6) and plaintiff's complaint for screening (ECF No. 1).

For the reasons set forth below, the undersigned will recommend that this action be dismissed with prejudice. The court will order plaintiff's motion to proceed in forma pauperis denied as moot.

////

////

////

////

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations in the Complaint

In the complaint, plaintiff states that, at all relevant times, he was an inmate at California Health Care Facility, Stockton ("CHCF"). (ECF No. 1 at 1.) Plaintiff names Deputy District Attorney Jill Klinge and the County of Alameda as defendants. (Id. at 2.)

Plaintiff alleges the following in his complaint: On June 2, 2020, plaintiff had a parole hearing. (Id. at 4.) During this hearing defendant Klinge was present as a "party in opposition" on behalf of Alameda County. (Id. at 5.) Defendant Klinge and the County of Alameda "failed and refused to [correct] (sic) plaintiff's case record" in light of alleged perjury by witnesses at plaintiff's trial. (Id. at 6.) Plaintiff claims that "both defendants County of Alameda and Ms. Jill Klinge (deputy district attorney) is or should be aware that it is 'presenting perjured trial

3

testimonies.'" (Id. at 9.)  Plaintiff appears to argue that, as a result of defendants permitting this alleged perjured testimony to be used at trial, plaintiff's parole hearing was unconstitutional and unfair.  (Id. at 4.)  Plaintiff argues that there is a "real and true reasonable likelihood that the false testimonies… could have affected the judgment of the BPH (Board of Parole Hearings)" and that this resulted in a year postponement of plaintiff's parole hearing.  (Id. at 9.)

### III.   Heck Bar

Based on the allegations in the complaint, this action is barred under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck, 512 U.S. at 481.  A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Id. at 486–87.  The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'"  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

Plaintiff's complaint is focused on alleged perjury by multiple witnesses during plaintiff's state criminal trial.  (See ECF No. 1 at 5, 6, 8.)  Plaintiff contends that, due to defendants' failure to correct the allegedly perjured testimony, his parole hearing was postponed for over a year.  (Id. at 12.)  This claim inherently relies on alleged unlawful actions by the defendants during

4

plaintiff's criminal trial. If plaintiff's allegation that defendants knew or should have known that multiple witnesses gave perjured testimony at his trial is true, plaintiff's conviction would be rendered invalid. See United States v. Agurs, 427 U.S. 97, 103-07 (1976) (a conviction must be set aside when it is obtained using testimony the prosecutor knows or should know to be perjured). Additionally, plaintiff has not presented any evidence that indicates his conviction has been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. As such, plaintiff's claims are clearly barred under Heck as plaintiff is unable to recover damages without rendering his conviction invalid. 512 U.S. at 486-87.

Where the claims in an action are subject to a Heck bar, the action must be dismissed. Smith, 394 F.3d at 695. Accordingly, it will be recommended that this action be dismissed as the plaintiff's claims are Heck barred.

**IV.   No Leave to Amend**

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). However, futile amendments should not be permitted. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), (quoting Klamath—Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

The court finds that granting plaintiff leave to amend would be futile because his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). This cannot be cured in an amended complaint. Additionally, as plaintiff has previously brought a federal habeas petition challenging his state conviction, conversion of this case to a habeas action with leave to amend would also be futile. See Taylor v. Ayers, No. C 07–4147 MMC (PR), 2010 WL 2525119 (N.D. Cal. June 23, 2010). Accordingly, it will be recommended that plaintiff not be granted leave to file an amended complaint.

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 6.) However, as it will be recommended that this action be dismissed without leave to amend, plaintiff's motion will be denied as moot. Should these findings and recommendations not be adopted, plaintiff will be permitted to file a renewed motion to proceed in forma pauperis.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 6) is denied as moot.

Additionally, IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/tayl1128.scrn.fr.dism